JONES, JUDGE:
Acting without the assistance of counsel, Appellant, Aaron Campbell, appeals from an order of the Franklin Circuit Court. The circuit court dismissed Campbell's declaratory judgment action against the Kentucky Department of Corrections ("Department") and its Commissioner, Rodney Ballard, for failure to state a claim. Having reviewed the record in conjunction with applicable legal authority, we affirm.
I.
Appellant, Aaron Campbell, is an inmate housed at the Green River Correctional Complex. On September 13, 2013, Appellant entered a conditional guilty plea to robbery, first degree, in violation of KRS 1 515.020. The Department classified Campbell as a violent offender pursuant to KRS 439.3401. The effect of this designation is that Campbell must serve eighty-five percent of his sentence before he becomes eligible for parole.
Campbell does not agree with the Department's decision to designate him as a violent offender. As a result, by way of a declaratory judgment action, he sought a determination from the Franklin Circuit Court that the Department cannot legally classify him as a violent offender because his judgment does not include any recitation by the trial court that the victim suffered death or serious physical injury. The circuit court determined that Campbell could not prevail as a matter of law because KRS 439.3401 explicitly states that a violent offender includes "any person who has been convicted of or plead guilty to the commission of ... (m) robbery in the first degree." This appeal followed.
II.
Upon appellate review, dismissals for failure to state a claim under CR 2 12.02(f) are reviewed de novo. Carruthers v. Edwards , 395 S.W.3d 488, 491 (Ky. App. 2012). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo. " Fox v. Grayson , 317 S.W.3d 1, 7 (Ky. 2010) (citing Morgan v. Bird , 289 S.W.3d 222, 226 (Ky. App. 2009) ). The pleadings are to be "liberally construed in a light most favorable to the plaintiff[,]" and all allegations in the complaint are to be taken as true.
*871 Mims v. Western-Southern Agency, Inc. , 226 S.W.3d 833, 835 (Ky. App. 2007) (citing Gall v. Scroggy, 725 S.W.2d 867, 869 (Ky. App. 1987) ); see Pike v. George , 434 S.W.2d 626, 627 (Ky. 1968) ("For the purpose of testing the sufficiency of the complaint the pleading must not be construed against the pleader and the allegations must be accepted as true.").
At the time of Appellant's conditional guilty plea, KRS 439.3401(1) provided as follows:[3]
As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of:
(a) A capital offense;
(b) A Class A felony;
(c) A Class B felony involving the death of the victim or serious physical injury to a victim;
...
(m) Robbery in the first degree.
The court shall designate in its judgment if the victim suffered death or serious physical injury.
On appeal, Appellant argues that Class B felonies are only classified as violent offenses when a court's judgment designates that a victim has suffered death or serious physical injury. Appellant bases this argument, in part, on KRS KRS 439.3401(1) and, in part, on Pate v. Department of Corrections , 466 S.W.3d 480, 488-89 (Ky. 2015).[4] Although Appellant is correct in pointing out that the Pate court interpreted the 2005 version of KRS 439.3401(1) as applying the qualifier, "involving the death of the victim or serious physical injury to a victim[,]" to Class B felonies, that case neither addressed nor involved the provision of the statute regarding robbery in the first degree.
Some Class B felons cannot be classified as violent offenders unless the crime involved the death or serious injury to the victim, and the trial court so designates. However, where the Class B felony is robbery, the felon is automatically considered a violent offender. The violent offender statute is clear that any person who has been convicted of or pled guilty to the commission of robbery in the first degree qualifies as a violent offender. No designation by the trial court is required. See Benet v. Commonwealth , 253 S.W.3d 528, 533 (Ky. 2008) ; see also Pollard v. Commonwealth , 2017-CA-000608-MR, 2018 WL 2277170, at *2 (Ky. App. May 18, 2018) ("Pollard became a violent offender upon pleading guilty to robbery in the first degree, and the trial court correctly found its failure to designate whether a victim suffered death or serious physical injury did not provide grounds to modify his sentence.").
Campbell became a violent offender when he pled guilty to robbery in the first degree. When the crime involved is first-degree robbery, the violent offender statute applies even without a designation by the trial court regarding whether the victim suffered death or serious injury. The relief Campbell sought from the circuit court, a determination that he does not qualify as a violent offender, is not authorized. Accordingly, the circuit court properly dismissed Campbell's action for failure to state a claim.
*872 III.
For the reasons explained above, we affirm the order of the Franklin Circuit Court.
ALL CONCUR.

KRS 439.3401 has been amended several times over the years. Most recently, in 2018, the statute was amended such that "(m) Robbery in the first degree" is now "(n) Robbery in the first degree." This amendment, however, has no effect our analysis herein.

Appellant also references an unpublished case from the Kentucky Supreme Court: Al Kini v. Commonwealth , 2015 Ky. Unpub. LEXIS 72 (Ky. Sept. 24, 2015).