RENDERED:  JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1640-MR

ANTHONY DAVIDSON                                          APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-00566

JONATHAN GRATE                                            APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Anthony Davidson, *pro se*, brings this appeal from an

October 3, 2019, Order and an October 24, 2019, Opinion and Order of the

Franklin Circuit Court dismissing his petition for declaration of rights.  We affirm

in part, reverse in part, and remand.

On February 10, 2019, Davidson, an inmate at Northpoint Training

Center, was involved in a physical altercation with another inmate.  According to

the disciplinary report filed by Officer Benjamin Zdrojowy, a physical altercation occurred between Davidson and inmate Paul McQueen. Davidson claimed that McQueen, who was assigned to a separate living area, traveled to Davidson's dorm and assaulted him. When Officer Zdrojowy arrived, he witnessed McQueen step out of Davidson's dorm and say, "Come on out here, don't back down now." Record on Appeal at 23. Davidson stepped out and replied, "You know you can never walk this [d]orm again." Record on Appeal at 23. Davidson's nose was bleeding and there was blood and clothing scattered around the area. As Officer Zdrojowy began to handcuff McQueen, Davidson began to advance toward them. Officer Zdrojowy told Davidson twice to step back. Another officer arrived on the scene and removed Davidson.

Davidson was subsequently charged with physical action/force against another inmate. A disciplinary hearing was conducted on March 15, 2019. Davidson was present at the hearing and pleaded not guilty to the charges. Davidson claimed he was assaulted by McQueen and acted in self-defense. Following the hearing, Davidson was found guilty as charged and assessed five days disciplinary segregation. On March 27, 2019, Davidson appealed the decision of the adjustment officer to the Warden at Northpoint Training Center. The Warden upheld the decision of the adjustment officer.

On August 1, 2019, Davidson filed a Petition for Declaration of Rights in the Franklin Circuit Court. In the petition, Davidson contended, *inter alia*, that his right to be protected from harm as guaranteed by the Eighth Amendment of the United States Constitution and Section 17 of the Kentucky Constitution was violated. Davidson also alleged his actions were taken in self-defense as demonstrated by available evidence including video footage that the adjustment officer refused to review. In response, a Motion to Dismiss was filed alleging that Davidson had failed to state a claim upon which relief could be granted.

By Order entered October 3, 2019, the circuit court granted the Motion to Dismiss. Thereafter, on October 17, 2019, Davidson's Notice of Appeal was tendered, and his Motion to Proceed *In Forma Pauperis* was filed with the circuit court.[1] For some unexplained reason, on October 24, 2019, the circuit court rendered another order also granting the Motion to Dismiss. Davidson's previously tendered Notice of Appeal was then filed November 1, 2019.[2] This appeal follows.

---

[1] The Notice of Appeal, which was tendered on October 17, 2019, was not filed by the Franklin Circuit Clerk, pending a ruling on Anthony Davidson's Motion to Proceed *In Forma Pauperis*. That motion was granted by the circuit court by order entered November 1, 2019.

[2] The record contains no explanation as to why a second order was entered dismissing the petition. Had the Notice of Appeal been filed prior to entry of the second order, that order would have been void due to the court's lack of jurisdiction over the case once the appeal was filed. *Wright v. Ecolab, Inc.*, 461 S.W.3d 753, 758-59 (Ky. 2015). Since the Notice of Appeal was

A motion to dismiss for failure to state a claim is governed by Kentucky Rules of Civil Procedure (CR) 12.02(f) and presents a question of law subject to *de novo* review. *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018). The pleadings must be liberally construed in a light most favorable to the nonmoving party, and the allegations contained in the complaint are taken as true. *Id.* at 870-71. And, the circuit court should deny the motion to dismiss "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002) (citation omitted).

Davidson's first argument on appeal is that the circuit court applied the wrong standard of review as he argues his claims are grounded in state law and not "federal construction" claims as interpreted by the circuit court. Although Davidson provides no legal basis or rationale for this allegation, he argues he was denied "liberal construction" of applicable law to his petition. The circuit court's second order entered October 24, 2019, clearly sets out the correct standard of review for a motion to dismiss filed under CR 12.02, and we find no error in the court's analysis in this regard. Thus, we conclude this argument is without merit.

Davidson's second argument asserts that the prison disciplinary action violated his right to due process as guaranteed by the Fourteenth Amendment to

filed by the circuit clerk after the second order had been ordered, we will treat that order as a timely amendment of the first order.

-4-

the United States Constitution and Section 2 of the Kentucky Constitution.  More specifically, Davidson asserts his right to due process was violated by the adjustment officer's failure to review the video footage of the February 10, 2019, incident.

The Kentucky Supreme Court addressed an inmate's right to due process as it relates to review of video footage in *Ramirez v. Nietzel*, 424 S.W.3d 911 (Ky. 2014).  In *Ramirez*, the Court noted that despite having recognized the denial of an inmate's access to documentary evidence as a violation of due process, Kentucky courts had not similarly recognized the denial of access to video footage.  The *Ramirez* Court then followed the Seventh Circuit Court of Appeals' position on the issue and held that an adjustment officer's refusal to review such video footage constitutes a violation of due process.  *Id.*  In particular, the *Ramirez* Court held that an adjustment officer "must review security footage if an inmate requests such review."  *Id.* at 920 (citations omitted).

In the case *sub judice*, taking Davidson's allegations as set forth in his pleadings as true, it appears that Davidson requested that the adjustment officer view the video footage of the February 10, 2019, incident.  However, the record before this Court reflects that Lieutenant May, the investigating officer, reviewed the video and testified at the hearing.  There is nothing in the record on appeal to establish that the adjustment officer reviewed the video footage at the hearing or *in*

*camera*. Likewise, from our review, we cannot discern that there was any other evidence relied upon at the hearing. Considering the holding in *Ramirez*, 424 S.W.3d at 920-21, Davidson has set forth a disputed claim in his petition for a violation of his due process rights in the failure of the adjustment officer to review the video footage of the incident. For this reason, the circuit court erred by granting the motion to dismiss for failure to state a claim upon which relief could be granted.[3]

On remand, the circuit court's review will be in accordance with the mandate set out in *Ramirez* as follows:

> In finding Ramirez's rights violated in this case, we remand the action to the circuit court for further proceedings. The circuit court should review the security footage in camera, assuming, of course, a legitimate reason is provided for prohibiting Ramirez from viewing the tape. "When a prisoner maintains that he was denied a meaningful opportunity to present a defense due to [an AO's] refusal to consider exculpatory evidence, then procedural due process requires a [circuit] court to conduct an *in camera* review of the evidence" to determine whether it was indeed exculpatory and whether, in light of the new evidence, "some evidence" existed for the AO's finding of guilt.

*Ramirez*, 424 S.W.3d at 920 (citation omitted).

---

[3] This Opinion should not be construed as passing upon the merits of Anthony Davidson's claim. We merely hold that Davidson has set forth a viable claim for violation of his due process rights under *Ramirez v. Nietzel*, 424 S.W.3d 911 (Ky. 2014).

Davidson's final argument on appeal essentially alleges that the design of the housing units and the lack of adequate staffing at Northpoint Training Center place inmates at risk of harm in violation of the Eighth Amendment to the United States Constitution and Section 17 of the Kentucky Constitution.

Before an inmate may be successful upon a claim under the Eighth Amendment, two requirements must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Under the first requirement, an inmate must demonstrate that the alleged deprivation is "objectively, 'sufficiently serious[.]'" *Id.* at 834 (citations omitted). More particularly, where a claim is based upon "a failure to prevent harm," an inmate must demonstrate he is incarcerated under conditions that pose "a substantial risk of serious harm." *Id.* (citation omitted). Under the second requirement, an inmate must demonstrate that prison officials acted with "deliberate indifference" to the health or safety of the inmate. *Id.* (citations omitted). More particularly, "deliberate indifference" requires that the prison official: (1) "knows of and disregards an excessive risk to inmate health or safety;" (2) "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists[;]" and (3) "must also draw the inference." *Id.* at 837.

In the case *sub judice*, Davidson has failed to demonstrate that prison officials had knowledge that he and other inmates were subjected to a substantial

risk of serious harm due to the physical layout of the prison facility or a lack of adequate staffing. Likewise, Davidson has not shown that prison officials were aware of any conditions that would support his allegation that they acted in contradiction of the health or safety of the inmates. As Davidson has failed to satisfy the requirements as set forth in *Farmer*, 511 U.S. at 833, for a successful Eighth Amendment claim, we cannot grant Davidson the relief requested.

In sum, we are of the opinion that the circuit court erroneously granted the motion to dismiss for failure to state a claim upon Davidson's claim his due process rights were denied by the adjustment officer's failure to review the video record requested by him. However, we affirm upon all other issues.

For the foregoing reasons the order of the Franklin Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Anthony Davidson, *Pro Se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Kristin Wehking
Franklin, Kentucky