RENDERED: MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1158-MR

ISAIAH TYLER                                           APPELLANT

v.            APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-01267

DEPARTMENT OF CORRECTIONS                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

MAZE, JUDGE: Isaiah Tyler appeals from an order of the Franklin Circuit Court dismissing his declaratory judgment action against the Kentucky Department of Corrections (the Department). He argues that the Department improperly classified him as a violent offender for purposes of determining his parole

eligibility.  We conclude that Tyler was subject to the terms of the violent offender statute as a matter of law.  Hence, we affirm.

The relevant facts of this matter are not in dispute.  Following a jury trial in the Henderson Circuit Court, Tyler was convicted of complicity to first-degree robbery and of being a second-degree persistent felony offender (PFO II).  The jury fixed his sentence at a total of forty years' imprisonment, which the trial court imposed.  The Kentucky Supreme Court affirmed his conviction on direct appeal.  *Tyler v. Commonwealth*, No. 2015-SC-000064-MR, 2016 WL 3370931 (Ky. Jun. 16, 2016).  Thereafter, Tyler filed a motion to vacate, set aside, or correct the judgment and sentence pursuant to RCr[1] 11.42 and CR[2] 60.02.  The trial court denied the motions, and this Court affirmed the denial on appeal.  *Tyler v. Commonwealth*, No. 2017-CA-001228-MR, 2019 WL 3990995 (Ky. App. Aug. 23, 2019).  Tyler also filed a second CR 60.02 motion, which was denied as successive.  *Tyler v. Commonwealth*, No. 2018-CA-001788-MR, 2019 WL 4732515 (Ky. App. Sept. 27, 2019).

On March 30, 2020, Tyler filed a petition for declaration of rights pursuant to KRS[3] 418.040 in the Franklin Circuit Court.  He asserted that the

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Revised Statutes.

Department improperly classified him as a violent offender and thus required him to serve at least 85% of his sentence before being eligible for parole. In lieu of an answer, the Department filed a motion to dismiss pursuant to CR 12.02(f), arguing that Tyler was a violent offender as a matter of law. The circuit court agreed and dismissed Tyler's complaint. This appeal followed.

This Court conducts a *de novo* review of the circuit court's dismissal under CR 12.02(f) for failure to state a claim. *Carruthers v. Edwards*, 395 S.W.3d 488, 491 (Ky. App. 2012). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). The pleadings are to be "liberally construed in a light most favorable to the plaintiff[,]" and all allegations in the complaint are to be taken as true. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)).

The sole issue on appeal is whether the Department properly classified Tyler as a violent offender under KRS 439.3401(3)(a),[4] which provides:

---

[4] KRS 439.3401 has been amended several times since Tyler's conviction in 2014. The current version of the statute, which was in effect at the time Tyler filed this action, was enacted by 2019 Ky. Laws ch. 136, § 1 (eff. Jun. 27, 2019).

A violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony shall not be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed.

Robbery in the first degree is a Class B felony. KRS 515.020(2). Furthermore, the definition of "violent offender" includes any person who has been convicted of or pled guilty to the commission of robbery in the first degree. KRS 439.3401(1)(n). Consequently, the Department argues, and the circuit court agreed, that Tyler's conviction is clearly subject to the parole eligibility provisions of the violent offender statute.

However, Tyler notes that he was convicted of complicity to first-degree robbery, which he argues is a separate offense. We disagree. As the circuit court noted, "a person who is 'guilty of complicity to a crime occupies the same status as one being guilty of the principal offense.'" *Commonwealth v. Combs*, 316 S.W.3d 877, 881 (Ky. 2010) (quoting *Wilson v. Commonwealth*, 601 S.W.2d 280, 286 (Ky. 1980)). Thus, complicity is not a separate offense but is an alternative theory of the charged offense. *Futrell v. Commonwealth*, 471 S.W.3d 258, 277 (Ky. 2015). As a result, Tyler's conviction for first-degree robbery is clearly subject to the provisions of the violent offender statute.

Tyler also argues that the violent offender statute should not apply because the trial court did not specifically find that his conduct resulted in the

death of the victim or serious physical injury to the victim. However, this Court recently rejected that argument in *Campbell v. Ballard*, 559 S.W.3d 869 (Ky. App. 2018). Like Tyler, the appellant in *Ballard* challenged his classification as a violent offender following a plea of guilty to first-degree robbery. Similarly, the appellant in *Ballard* also argued that Class B felonies are only classified as violent offenses when a court's judgment designates that a victim has suffered death or serious physical injury. This Court disagreed, holding as follows:

> Some Class B felons cannot be classified as violent offenders unless the crime involved the death or serious injury to the victim, and the trial court so designates. However, where the Class B felony is robbery, the felon is automatically considered a violent offender. The violent offender statute is clear that any person who has been convicted of or pled guilty to the commission of robbery in the first degree qualifies as a violent offender. No designation by the trial court is required. *See Benet v. Commonwealth*, 253 S.W.3d 528, 533 (Ky. 2008); *see also Pollard v. Commonwealth*, 2017-CA-000608-MR, 2018 WL 2277170, at \*2 (Ky. App. May 18, 2018) ("Pollard became a violent offender upon pleading guilty to robbery in the first degree, and the trial court correctly found its failure to designate whether a victim suffered death or serious physical injury did not provide grounds to modify his sentence.").
>
> Campbell became a violent offender when he pled guilty to robbery in the first degree. When the crime involved is first-degree robbery, the violent offender statute applies even without a designation by the trial court regarding whether the victim suffered death or serious injury. The relief Campbell sought from the circuit court, a determination that he does not qualify as a violent offender, is not authorized. Accordingly, the

> circuit court properly dismissed Campbell's action for failure to state a claim.

*Id.* at 871.

For the same reasons, since Tyler was convicted of complicity to first-degree robbery, he was automatically considered a violent offender for purposes of KRS 439.3401. *See also Lee v. Kentucky Dep't of Corr.*, 610 S.W.3d 254, 263 (Ky. 2020). Thus, the trial court was not obligated to make additional findings. Therefore, the Department correctly designated Tyler as a violent offender following his conviction for complicity to first-degree robbery. Consequently, we conclude that the circuit court properly dismissed Tyler's complaint.

Accordingly, we affirm the order of the Franklin Circuit Court dismissing Tyler's complaint.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Isaiah Tyler, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Frankfort, Kentucky