RENDERED:  JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0425-MR

BRADLEY MEADE                                                                APPELLANT


APPEAL FROM FLOYD CIRCUIT COURT
v.        HONORABLE JANIE MCKENZIE WELLS, SPECIAL JUDGE
ACTION NO. 23-CI-00665


BETTY TACKETT, INDIVIDUALLY;
BETTY TACKETT, GUARDIAN FOR
HENRY MEADE; LINDA LOU
ALLEN, INDIVIDUALLY; LINDA
LOU ALLEN, EXECUTRIX OF THE
ESTATE OF HENRY MEADE,
DECEASED; AND LANA K. KING                                       APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Bradley Meade brings this appeal from an Order of the Floyd

Circuit Court entered February 22, 2024, dismissing his lawsuit against Betty

Tackett, Lana K. King and Linda Lou Allen for misappropriation of estate funds,

breach of fiduciary duty, and to obtain a court ordered sale of indivisible real property. For the reasons stated, we vacate and remand.

BACKGROUND

Bradley Meade filed this action on November 13, 2023, in Floyd Circuit Court. The case was dismissed shortly after the complaint was filed by order entered on February 22, 2024. No discovery was taken nor did the court conduct an evidentiary hearing. The meager record in this case contains only 20 pages. Nevertheless, we have ascertained the following facts: Bradley and the other parties to this case are relatives and beneficiaries under the Last Will and Testament of Henry Meade. Meade died testate on October 28, 2020. Prior to his death, Betty Tackett (a daughter), initiated a disability petition against Meade in Floyd District Court on April 5, 2019, Case No. 19-H-00050-001. Tackett was appointed guardian and conservator for Meade on September 23, 2019. After Meade's death, Linda Allen (a daughter) filed a petition to probate Meade's will and administer his estate in Floyd District Court on July 14, 2021, Case No. 21-P-00343. The court entered an order probating the will and appointing Allen as executrix by order entered on August 13, 2021.[1]

---

[1] This Court takes judicial notice of all pleadings, orders, and judgments in the guardianship and probate cases in Floyd District Court referenced in this Opinion and the parties' briefs. *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 264-65 (Ky. App. 2005).

-2-

Pursuant to the will, a specific bequest in the amount of $1,000 was left to Henry Meade, Jr. (his son). The remainder of Meade's estate, including realty and personalty, was divided equally between Tackett, Allen, Bradley, and Lana K. King (a daughter). Bradley (son of Henry Meade, Jr.) is a grandson of Meade.

The gist of Bradley's complaint alleges that Tackett and Allen misappropriated estate funds. Specifically, the complaint alleges, Tackett was involved in inducing Meade to make withdrawals from his bank accounts and transfer the same to payable-on-death accounts in her own name and/or those of the other defendants. Bradley alleges these were funds that should have been recovered by Allen for distribution as part of the estate upon Meade's death in 2021. Record at 1-2. Tackett and Allen were sued individually and in their roles as guardian and executrix, respectively. The complaint also asserted a claim for a court ordered sale of indivisible real property inherited under the will by Bradley, Tackett, Allen, and King, in accordance with applicable law.

Before the taking of any discovery, Tackett, Allen, and King filed a motion to dismiss on December 14, 2023, presumably pursuant to Kentucky Rules of Civil Procedure (CR) 12.02.[2] The motion set forth two grounds for dismissal:

---

[2] The motion to dismiss is not contained in the record on appeal, although it is listed in the Case History. Bradley Meade provided a copy in his appellate brief as Appendix 3.

lack of standing by Meade and the statute of limitations. The court conducted a hearing on the motion to dismiss on February 2, 2024.[3] Counsel for appellees argued that the action arose from the probating of Meade's will and administration of his estate. Appellees argued that a final settlement had been filed showing the estate had been divided among the four beneficiaries.[4] Counsel for appellees displayed to the court at the hearing a flowchart of the alleged transactions at issue, that was not entered into evidence.[5] Appellees argued that no remedy was available to Bradley, a beneficiary, for actions taken during the life of Meade since Bradley had no interest in Meade's estate at the time of those transactions, and therefore he lacked standing to sue. Appellees also argued that the cause of action was precluded by applicable statutes of limitation.

The court entered an order dismissing the complaint on March 15, 2024.[6] The court found that the transactions called into question by Bradley were performed by Meade prior to his guardianship proceeding or his death. Record at 18. The court concluded Meade had no standing to bring the action because he had

---

[3] The hearing lasted approximately 12 minutes.

[4] Neither party introduced any evidence of the probate proceedings as a part of the record in this case. And, this Court takes judicial notice that by order entered July 14, 2023, the district court has placed the probate case in abeyance pending resolution of this appeal.

[5] Although a copy of the flowchart was left with the court at close of the hearing, it is not filed in the record on appeal.

[6] The order was signed on February 22, 2024. There is no explanation for the delay in entry.

no interest as an heir in actions taken by the decedent while he was alive. The court also held that Meade had not filed the complaint within the allowable statute of limitations as regards actions relating to personal property, as set forth in Kentucky Revised Statute (KRS) 413.125 or KRS 413.140. This appeal followed.

## STANDARD OF REVIEW

The motion to dismiss was filed pursuant to CR 12.02. A motion to dismiss for failure to state a claim upon which relief may be granted is governed by CR 12.02(f) and presents a question of law which we review *de novo*. *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018). The pleadings are liberally construed in a light most favorable to the plaintiff and allegations in the complaint are taken as true. *Id*. at 870-71. In the context of a motion to dismiss for failure to state a claim, the court should not grant the motion unless it appears the complaining party "would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002) (quoting *Pari–Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977)).

## ANALYSIS

To begin, we note that this is an action related to the administration of an estate. The circuit court concluded Bradley lacked standing to file the action on the premise that as a grandchild, he was not a direct heir of Meade. We disagree.

Under KRS 24A.120, a district court shall have exclusive jurisdiction over:

> (2) Matters involving probate, except matters contested in an adversary proceeding.  Such adversary proceeding shall be filed in Circuit Court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal;

> (3) Matters not provided for by statute to be commenced in Circuit Court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the District Court[.]

Thus, under KRS 24A.120, the district court has jurisdiction over probate matters with the exception of contested matters raised in an adversary proceeding.  At that point, the circuit court assumes exclusive jurisdiction over contested matters raised in the adversary proceeding.

KRS 395.510 "is a statute which allows circuit court [to exercise] jurisdiction for settlement of a decedent's estate."  *Goff v. Edwards*, 653 S.W.3d 847, 851 (Ky. 2022).  The statute reads, in pertinent part:

> (1) A representative, legatee, distributee or creditor of a deceased person may bring an action in circuit court for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six (6) months after the qualification of such representative.

There can be no dispute that Bradley is a legatee under Meade's will who has standing to assert a contested matter in the administration of Meade's

estate.  While perhaps not artfully drafted, the complaint on its face, giving it a liberal construction, appears to be alleging that the executor of the estate failed to pursue estate assets that were converted by Tackett, while she exercised her duties as Meade's guardian and that the executor may have in fact participated in such conversion, to the detriment of the estate and its beneficiaries.  We note KRS 395.510 has been broadly interpreted to allow claims against an executor of an estate for mismanagement and fraud.  *Priestley v. Priestley*, 949 S.W.2d 594, 597 (Ky. 1997).  *See also Citizens' Nat'l Bank v. Brewer*, 69 S.W.2d 745, 747 (Ky. 1934).

While this Court takes no position on the merits of these claims, this case is clearly a contested adversary proceeding involving Meade's estate permissible under KRS 395.510.  At a minimum, the dismissal of the complaint was premature at this early stage of the case without the parties being permitted to conduct discovery to address the merits of the claims.

As concerns the claims against Tackett, she is also a beneficiary under Meade's will who was in a fiduciary relationship with Meade upon her appointment as his guardian and conservator on September 23, 2019.  Upon Meade's death on October 28, 2020, the guardianship and conservatorship ended.  Yet, appellees note in their brief that a final settlement was not filed with district court until July 6, 2021.  Appellee's Brief at 2.  On its face, this is concerning.

Nothing in this meager record on appeal reflects whether Tackett complied with KRS 387.710(3) upon Meade's death or whether Allen as executor reviewed Tackett's final accounting or received all of the assets owned by Meade at the time of his death. Given these circumstances, discovery into Tackett's handling of Meade's assets from the date of her appointment as guardian and conservator is permissible in this action based on the allegations set out in the complaint, especially as concerns any transactions between Tackett and Allen. Similarly, discovery is permissible into Allen's handling of Meade's assets upon his death, including any interaction with Tackett as guardian/conservator for Meade.

Until discovery is taken to determine the viability of any claims asserted by Bradley, it was also premature to determine what statutes of limitations, if any, were applicable to the claims. Without discovery it is impossible to determine whether any statutes had begun to run, assuming the statutes of limitations were applicable. Accordingly, we shall not address these arguments at this time given we are vacating and remanding this action for further proceedings. Again, nothing in this Opinion precludes this issue from being brought before the circuit court again upon completion of discovery.

Finally, the complaint also sought the sale of indivisible real property jointly owned by the four beneficiaries under Meade's will. Neither party

addressed this issue in their briefs. Nor shall this Court address the merits of this issue in this appeal. However, we note that such a sale of jointly owned property is permissible in Kentucky and governed by KRS 389A.030 *et seq.* Notwithstanding, we have serious reservations that such an action constitutes a contested estate matter under KRS 395.510. Neither the estate nor its personal representative has any interest in the real property or involvement in the sale pursuant to KRS 389A.030.[7] *See Slone v. Casey*, 194 S.W.3d 336, 337-38 (Ky. App. 2006).

For the reasons stated, we vacate and remand this case to the Floyd Circuit Court for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Lawrence R. Webster | Ron Diddle |
| Pikeville, Kentucky | Pikeville, Kentucky |

---

[7] A deed dated October 21, 2022, from Linda Allen as executor, conveying Meade's real property to Allen, Tackett, King, and Bradley is attached to the complaint. Record at 5-8. We are puzzled by the estate's involvement with the real property owned by Meade as it passed directly to his beneficiaries under his will at the time of his death. *Wood v. Wingfield*, 816 S.W.2d 899, 902 (Ky. 1991). The real property did not pass through the estate. *Id.* The only exception to this rule is where the personal estate of the decedent is insufficient to pay all of the debts of the estate, a court my order the real property passing to devisees to be sold for the payment of such debts. *See* KRS 395.515; *Gregory v. Hardgrove*, 562 S.W.3d 911, 914-15 (Ky. 2018).