RENDERED: MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1116-MR

SHAYNA HUBERS                                             APPELLANT


|  | APPEAL FROM SHELBY CIRCUIT COURT |
| --- | --- |
| v. | HONORABLE MELANIE BRUMMER, JUDGE |
|  | ACTION NO. 25-CI-00101 |


VANESSA KENNEDY, WARDEN
KCIW; COOKIE CREWS,
COMMISSIONER KENTUCKY
DEPARTMENT OF CORRECTIONS;
JEREMY LUCAS, COR CAPT I;
JOSEPH WELLS, ADJUSTMENT
OFFICER; MARC BLANFORD, COR
CAPT I; AND SARA KING,
INVESTIGATING OFFICER                           APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE: Shayna Hubers, an inmate in the custody of the Kentucky

Department of Corrections (the DOC), appeals from an order of the Shelby Circuit

Court dismissing her petition for a declaration of rights. After our review, we affirm.

Hubers is housed at the Kentucky Correctional Institution for Women in Pewee Valley. She is serving a life sentence for the 2012 murder of Ryan Poston, a young attorney.

On February 26, 2024, following an investigation into allegations made by a former inmate, Hubers was charged by the institution with a major violation of the DOC's policies and procedures; *i.e.*, engaging in extortion or blackmail. After an administrative hearing conducted in March, she was found guilty of the violation. The penalty imposed was thirty-days' disciplinary segregation (with thirty-days' credit for time served) and ninety-days' loss of good-time credit. Hubers filed a timely appeal to the warden. Upon her review, the warden affirmed the decision and the segregation penalty but ordered the good-time credit restored.

On February 20, 2025, Hubers filed a declaratory judgment action in Shelby Circuit Court. Hubers contended that she had been denied procedural due process throughout the disciplinary proceedings. The DOC moved to dismiss the petition arguing that the penalty of 30-days' segregation with credit for time served was insufficient in severity and impact to warrant either state or federal due

process protection as a matter of law. The circuit court agreed and granted the motion. This appeal followed.

In her brief on appeal, Hubers argues that the circuit court erred by dismissing her declaratory judgment action because the penalties imposed adversely impacted her parole eligibility; increased the duration of her sentence; increased her security level; and delayed her eligibility for honors housing. She contends that these consequences constitute an atypical and significant hardship sufficient to implicate her right to due process.

A motion to dismiss for failure to state a claim is governed by provisions of the Kentucky Rules of Civil Procedure (CR) 12.02(f). A trial court will grant a motion to dismiss only where "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002) (internal quotation marks and citation omitted).

Whether a trial court erred by dismissing a civil action presents a question of law subject to our *de novo* review. *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018). However, we must bear in mind that "'[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" *Webb v. Sharp*, 223 S.W.3d 113, 117 (Ky. 2007) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556

-3-

(1974)).  Courts are highly deferential to prison administrators where prison disciplinary proceedings are questioned.  *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky. App. 1997).

In order to establish a procedural due process claim, a party must show: (1) that she enjoyed a protected "liberty" or "property" interest within the meaning of our due process jurisprudence, and (2) that she was denied the process due under the circumstances.  *Marksberry v. Chandler*, 126 S.W.3d 747, 749 (Ky. App. 2003) (citations omitted).  A liberty interest sufficient to invoke due process protections will generally be limited to freedom from restraint, which, while not exceeding the sentence, nevertheless "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

It is agreed that the loss of statutory good-time credit generally implicates a protected liberty interest.  *See Wolff*, 418 U.S. at 557.  However, in this case, it is uncontroverted that the warden ordered that Hubers's good-time credit be restored in its entirety following her review of the administrative proceedings.  Thus, she suffered no loss of good-time credit.

Moreover, Hubers's declaratory judgment action specifically referenced restoration of "meritorious good time credit."  Unlike *statutory* good-time credit, which is typically awarded automatically, *meritorious* good-time credit

is awarded at the discretion of the DOC's commissioner. *See Marksberry*, 126 S.W.3d at 752. There is no liberty interest justifying due process because protection where a **privilege**, such as meritorious good-time credit, is withheld. *Id.* Consequently, Hubers did not assert a viable due process claim on this basis.

Similarly, disciplinary segregation does not generally implicate a liberty interest protected by principles of due process because segregation is consistent with the nature of confinement that an inmate can reasonably anticipate serving upon imprisonment. *Marksberry*, 126 S.W.3d at 749-50. Furthermore, the collateral consequences that Hubers contends she suffered (including a delay in transferring to preferred housing, *etc.*) affect privileges accorded to inmates that also fail to implicate a protected liberty interest. *See Marksberry*, 126 S.W.3d at 751.

The record does not support Hubers's assertion that she was deprived of a protected liberty interest as a result of the disciplinary action. Dismissal of the petition was warranted and required because she failed to show that she suffered an atypical and significant hardship as a result of the disciplinary hearing. Her procedural due process claims fail as a matter of law.

The order of the Shelby Circuit Court dismissing the petition is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Louis W. Rom | Robert Chaney |
| Lexington, Kentucky | Frankfort, Kentucky |