**William HOUSTON, Appellant,**

**v.**

**Douglas FLETCHER, Warden; Kentucky Department of Corrections; Hon. James Bowling, Jr., Judge, Bell Circuit Court; and Commonwealth of Kentucky, Appellees.**

**No. 2005–CA–000015–MR.**

Court of Appeals of Kentucky.

April 7, 2006.

Case Ordered Published by
Court of Appeals May 19, 2006.

William Houston, Beattyville, for appellant, pro se.

Rebecca Baylous, Frankfort, for appellee Douglas Fletcher.

Before COMBS, Chief Judge; DYCHE and KNOPF, Judges.

### OPINION

COMBS, Chief Judge.

This is an appeal from an order entered by the Bell Circuit Court granting the motion of several parties,[1] including Douglas Fletcher, Warden of the Bell County Forestry Camp (BCFC), to dismiss William Houston's petition for declaration of rights. Houston, who is currently an inmate at the Lee Adjustment Center, had filed a petition claiming that disciplinary action violating his constitutional rights had been taken against him.

Houston was found guilty of four institutional offenses while he was incarcerated at the BCFC: (1) physical action against another inmate involving no injury; (2) aiding another person in loan-sharking, incurring, or collecting debts; (3) unauthorized transfer of property; and (4) possession of dangerous contraband. His penalties consisted of a forfeiture of good time credit totalling three hundred ninety (390) days and the imposition of ninety (90) days of disciplinary segregation. He appealed to the Warden on each charge. The Warden denied the administrative appeals.

Houston then filed a petition for declaration of rights in the circuit court. He failed to attach any documents to his petition verifying the arguments that had been raised in his administrative appeal to the Warden—except for a copy of his written appeal challenging the sufficiency of the evidence as to the charge of possession of dangerous contraband. In their subsequent motion to dismiss the petition, the appellees argued that because of the omissions as to documentation, Houston failed to establish that he had exhausted his administrative remedies as required under KRS[2] 454.415(1). Partly due to this pro-

---

1. Houston's petition for declaration of rights listed as respondents: Kevin Emery, Officer; Rick Jones, Officer; Joe Martin, Captain; Douglas Fletcher, Warden; and John Rees, Commissioner of the Kentucky Department of Corrections. The notice of appeal to this Court listed as appellees: Douglas Fletcher, Warden, *et al.;* and James Bowling, Jr., Judge of Bell Circuit Court.

2. Kentucky Revised Statutes.

cedural flaw problem, the circuit court dismissed Houston's petition.

■ KRS 454.415 states in pertinent part as follows:

(1)(a) No action shall be brought by an inmate, with respect to a prison disciplinary proceeding or challenges to a sentence calculation or challenges to custody credit, until administrative remedies as set forth in Department of Corrections policies and procedures are exhausted.

(b) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.

(c) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.

Corrections Policies and Procedures 15.6 (501 KAR 6:020) outlines the following requirements for inmate appeals:

1. An inmate may appeal in writing the adjustment decision to the Warden.

2. The appeal shall be directed to the Warden of the institution whose Adjustment Committee or Adjustment Officer heard the case.

3. The inmate has fifteen (15) days after the decision to detail the reasons for the appeal. . . .

Although Houston did attach to his circuit court petition documents indicating that the Warden had heard and denied his appeals, there is no documentation setting forth the grounds of three of his four appeals. It is impossible to determine whether the arguments in Houston's petition for declaration of rights were identical to those raised before the Warden. The circuit court was, therefore, unable to ascertain whether Houston had exhausted his administrative remedies as to the first three administrative appeals presented to the Warden. Additionally, the court was

not able to conduct a meaningful review of Houston's claims because it received no evidence as to the basis on which the Warden had denied the appeals.

■ We agree with the circuit court that Houston failed to demonstrate that he had exhausted his administrative remedies as required under KRS 454.415(1). Therefore, although Houston has presented numerous arguments in his appellate brief, we are able to review only his claim that there was insufficient evidence to support the finding that he was in possession of dangerous contraband.

This Court has adopted the "some evidence" standard of review in prison disciplinary proceedings outlined by the United States Supreme Court in *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Smith v. O'Dea,* 939 S.W.2d, 353, 358 (Ky.App.1997). In *Walpole,* the Supreme Court held that:

the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Walpole,* 472 U.S. at 455–56, 105 S.Ct. at 2774 (citations omitted.)

In Houston's case, there was clearly some evidence to support the finding that he had violated the rule against possession of dangerous contraband; *i.e.,* the fact that

a razor was discovered in his locker. Although Houston argued that the razor had been planted by someone else rather than hidden by him in his locker, the mere presence of the razor was sufficient to meet the lower evidentiary standard utilized in the prison disciplinary context.

■ Houston also argues that the circuit court erred in not ruling on his request for appointment of counsel. However, the United States Supreme Court has held that inmates do **not** have the right either to retained or to appointed counsel for disciplinary actions. *See Baxter v.*

*Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556–57, 47 L.Ed.2d 810 (1976). The circuit court did not abuse its discretion in refusing to appoint counsel for Houston.

For the foregoing reasons, the order of the Bell Circuit Court is affirmed.

ALL CONCUR.