RENDERED:  MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0037-MR

JAMES E. STOVER					APPELLANT


APPEAL FROM BOYLE CIRCUIT COURT
v.			HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 20-CI-00308


BRAD ADAMS, WARDEN,
NORTHPOINT TRAINING CENTER				APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE:  James E. Stover (Stover) appeals from an order of the Boyle

Circuit Court dismissing his petition for declaration of rights based on the failure to

exhaust his administrative remedies.  On appeal, Stover argues that the

Disciplinary Report Form attached to his petition for declaration of rights was

sufficient evidence that he had exhausted his administrative remedies.  The Court

having found no reversible error in the Boyd Circuit Court's order dismissing, we affirm.

On February 28, 2020, Northpoint corrections officer Suzanne Whipkey (Whipkey) issued a write-up to Stover, stating that while speaking to another inmate in the Dorm 3 stairwell, she turned around to find Stover behind her. She indicated that she felt "uncomfortable" like he had "thrusted" into her. This report was prepared and transmitted by the Captain's clerk, Erin Thurman. Thereafter, Supervisor William Elam assigned an investigating officer, Sergeant Nicola Riley, who advised Stover of his due process rights and read the disciplinary report to him. Stover indicated that he was not guilty, and he was then given copies of the applicable documents.

Sergeant Riley then reviewed the video footage of the incident in the stairwell. He reported that it clearly showed that Stover "does a hip thrust into the backside of Officer Whipkey." Thereafter, Stover was charged with physical action against an employee or non-inmate. The matter was referred to an adjustment committee.

On March 12, 2020, a hearing was held at which Stover was represented by inmate legal aide, Jeremy Brooks. After hearing proof, Chairman/Adjustment Officer Tyler A. Vaught entered findings based upon his own review of the video footage and found Stover guilty, sanctioning him with the

-2-

loss of 730 days of good time credit. The matter was appealed to the Warden, who, without findings, reduced the penalty to a loss of 365 days of good time credit.

Thereafter, Stover filed his petition for declaration of rights in the Boyle Circuit Court, arguing that the disciplinary action had been improper due to various violations of Kentucky Department of Corrections Policy and Procedure (CPP). In support of his petition for declaratory relief, Stover attached the entire Disciplinary Report Form, Parts I and II. Appellees moved to dismiss the action based on Stover's failure to exhaust his administrative remedies and to verify that he had done so. That motion was granted and Stover's subsequent motion to reconsider was denied. Stover's primary argument on appeal is that the Disciplinary Report Form is sufficient to demonstrate that he has exhausted his administrative remedies as required.

A motion to dismiss for failure to state a claim upon which relief may be granted is only appropriate where "it appears the pleading party would not be entitled to relief under any set of facts which could be proved." *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d, 801, 803 (Ky. 1977). As such, this Court's review is *de novo*. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

Kentucky Revised Statute (KRS) 454.415(1)(a) provides that no action shall be brought by an inmate, challenging a prison disciplinary proceeding until the inmate has exhausted his administrative remedies. KRS 454.415(3) states that an inmate is required to "attach to any complaint filed documents verifying that administrative remedies have been exhausted."

In *Houston v. Fletcher*, 193 S.W.3d 276 (Ky. App. 2006), as here, an inmate was found guilty of institutional offenses and penalized by the loss of good time credit. His appeals to the warden were denied and he filed a petition for declaration of rights. However, he "failed to attach any documents to his petition verifying the arguments that had been raised in his administrative appeal to the Warden – except for a copy of his written appeal challenging the sufficiency of the evidence as to the charge of possession of dangerous contraband." *Id*. at 277. In this case, although the materials provided by Stover do demonstrate his participation in the disciplinary process as provided in CPP 15.6, he, like Houston, has failed to document the arguments made to the Warden on appeal. Therefore, this Court can make no determination whether the issues raised in his petition for a declaration of rights were the same as those made on appeal. *O'Dea v. Clark*, 883 S.W.2d 888 (Ky. App. 1994).

Accordingly, we affirm the order dismissing entered by the Boyle Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Michael L. Goodwin
Louisville, Kentucky

BRIEF FOR APPELLEE:

Angela T. Dunham
Frankfort, Kentucky