RENDERED:  MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0503-MR

JASON BAILEY                                                                    APPELLANT


                            APPEAL FROM FRANKLIN CIRCUIT COURT
v.                          HONORABLE THOMAS D. WINGATE, JUDGE
                            ACTION NO. 21-CI-00777


COOKIE CREWS                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, JONES, AND McNEILL, JUDGES.

JONES, JUDGE:  Jason Bailey, *pro se*, appeals from an order of the Franklin

Circuit Court entered on March 23, 2022, dismissing his petition for a declaration

of rights.  Having carefully reviewed the record in conjunction with all applicable

legal authority, we affirm.

# I. BACKGROUND

Bailey is currently an inmate serving a twenty-three-year sentence in the custody of the Kentucky Department of Corrections (DOC). Bailey was convicted of multiple charges including first-degree burglary in Daviess County. Upon entering DOC custody, Bailey was classified at twenty percent parole eligibility and later paroled on September 1, 2015. He was subsequently transferred to Community Transition Services Russell (CTS-Russell) where he participated in a substance abuse treatment program for one hundred eighty days before he was released to the supervision of the Office of Probation and Parole.

Sometime after his exit from CTS-Russell, DOC determined Bailey's release on parole was in error, as he was required to have been classified as a violent offender in connection with his first-degree burglary conviction, thereby requiring him to serve a minimum of eighty-five percent of his sentence before he was eligible for parole. He was reincarcerated after forty-three days under Probation and Parole supervision, bringing his total number of days erroneously out on parole to two hundred twenty-three days.

Bailey filed administrative challenges with DOC after this time was not factored into the calculation of his parole eligibility date under the eighty-five percent threshold. After unsuccessful attempts at obtaining the relief sought through administrative procedures, he filed a petition for a declaration of rights in

Franklin Circuit Court. Counsel for DOC filed a motion to dismiss on the grounds that insufficient proof was attached to the petition demonstrating that Bailey exhausted his administrative remedies as required by KRS[1] 454.415 and that DOC had sole jurisdiction regarding questions of parole eligibility and release. The circuit court ruled that the petition contained sufficient proof that Bailey exhausted his administrative remedies but ultimately dismissed the action; the court agreed with DOC's argument that it lacked authority to involve itself in determinations of awarding custody credit after sentencing. Bailey filed this appeal, naming DOC Commissioner Cookie Crews as the appellee.

## II. STANDARD OF REVIEW

"A petition should not be dismissed for failure to state a claim upon which relief can be granted unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Gray v. Department of Corrections*, 606 S.W.3d 645, 651 (Ky. App. 2020) (internal quotation marks and citation omitted). "[T]he pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.* Dismissal is a question of law which is reviewed *de novo*. *Id.*

---

[1] Kentucky Revised Statutes.

## III. ANALYSIS

On appeal, Bailey argues that he is entitled to custody credit of one hundred eighty days for the time spent at CTS-Russell in calculating his eighty-five percent parole eligibility date with the remaining forty-three days to be applied toward his release date. Before addressing the merits of the arguments concerning this request, we first discuss the threshold issue of whether sufficient proof was furnished to indicate that Bailey exhausted his administrative remedies.

In an action brought by an inmate, KRS 454.415(3) requires that the inmate "attach to any complaint filed documents verifying that administrative remedies have been exhausted." A review of the appellate record demonstrates that Bailey attached to his original petition a copy of a September 7, 2021, review form filed pursuant to Kentucky Corrections Policies and Procedures (CPP) 17.4 which specifically requested that he receive a credit of one hundred eighty days toward his parole eligibility date, with the remaining forty-three days to be applied to "the end of [his] sentence." (Record (R.) at 16-17.) Also attached to his petition was the response received from Eastern Kentucky Correctional Complex's offender information supervisor as well as all necessary documentation related to his appeal to the Offender Information Services Branch in Frankfort denying this request. (R. at 18.)

In its motion to dismiss before the circuit court, DOC argued that Bailey previously raised this issue with DOC around May 2020, and by failing to attach his CPP 17.4 review and appeal forms in relation to the prior administrative action, he failed to furnish a complete record evidencing he exhausted his administrative remedies. (R. at 2-4.) The circuit court ruled that, while he failed to furnish proof with respect to the May 2020 administrative action, there was sufficient proof supplied in relation to the September 2021 action to warrant review. (R. at 40-41.)

The purpose of KRS 454.415(3) is not only to verify that the administrative process was utilized, but also to show that the administrative agency was first afforded an opportunity to address the substantive arguments raised in the judicial proceeding. *See Houston v. Fletcher*, 193 S.W.3d 276, 278 (Ky. App. 2006). Based on a thorough review of the record, we agree with the circuit court's ruling that Bailey supplied sufficient proof he exhausted all available administrative remedies relating to the September 2021 action. The claims for relief asserted in the September 2021 administrative action match those raised in his petition thus evidencing that DOC had an opportunity to address them before he filed for judicial relief. *See Houston*, 193 S.W.3d at 278 (emphasis added) ("Although [appellant] did attach to his circuit court petition documents indicating that the Warden had heard and denied his appeals, there is no documentation

-5-

setting forth the grounds of three of his four appeals. It is impossible to determine *whether the arguments in* [*Appellant's*] *petition for declaration of rights were identical to those raised before the Warden*."). The inclusion of all administrative responses with the petition further provides the ability to review the basis upon which the administrative reviews were denied. *Id.* ("Additionally, the court was not able to conduct a meaningful review of [appellant's] claims because it received no evidence as to the basis on which the Warden had denied the appeals.").

Turning to the merits of this case, the circuit court's underlying ruling and DOC's argument on appeal rely on *Bowling v. White*, 480 S.W.3d 911 (Ky. 2015), to assert that the executive branch, through DOC, has exclusive jurisdiction over issues concerning the award of credit after entry of sentence thereby depriving the judiciary of jurisdiction to grant relief. Specifically, the circuit court's order and DOC's motion to dismiss quote the language in *Bowling* which states:

> The judiciary had the exclusive power over the front end of the sentence, that is, the power to render the sentence and to award custody credit against it. (The executive branch was bound by those determinations in carrying out the sentence, as they were incorporated into a binding judgment.) But the executive branch had exclusive power over the back end of a sentence, that is, the power to award good-time credit, to parole, to conditionally discharge a convicted person, or to otherwise determine when the sentence had been served out or the person was otherwise entitled to release.

480 S.W.3d at 916. This is an overly broad interpretation of the language in *Bowling* which requires contextualization.

In *Bowling*, the issue on appeal concerned DOC's authority under KRS 532.120(3), after it was amended in 2011, to grant presentencing custody credits to an inmate after a circuit court declined to do so in a sentencing order entered in 1996. Before its amendment in 2011, KRS 532.120(3) vested sole authority to grant presentencing custody credits with the sentencing court while the statute's 2011 revision granted authority to DOC "in cases involving a felony sentence."

At the time of the *Bowling* decision, there was confusion due to a perceived conflict of the case law in *Winstead v. Commonwealth*, 327 S.W.3d 479 (Ky. 2010), and *Bard v. Commonwealth*, 359 S.W.3d 1 (Ky. 2012), regarding whether DOC could retroactively award the omitted presentencing custody credits after the 2011 amendment when the sentencing order was governed under the previous version of the statute. The Kentucky Supreme Court, in the language quoted above, only intended to explain the division of authority between the judiciary and DOC in awarding credits in a presentencing and post-sentencing context as it existed under the pre-2011 amendment of the law.

The Kentucky Supreme Court never expressly or implicitly intended to preclude judicial review over the exercise of DOC's statutory authority to award

sentencing credits under KRS 532.120 or other applicable statutes. To

demonstrate, we point to the Court's holding in *Caraway v. Commonwealth*, 459

S.W.3d 849, 855 (Ky. 2015):

> This change to the statutory language divested the trial court of its prior duty and authority to ensure proper application of the presentencing custody credit in felony cases and, instead, placed it solely under the purview of the Department of Corrections. The sentencing court is empowered to award custody credit in felony cases only when "presentence report indicates that a defendant has accumulated sufficient sentencing credits . . . to allow for an immediate discharge from confinement upon pronouncement of sentence." KRS 532.120(8). *Otherwise, the role of the trial court under the statute as amended is essentially appellate in nature. See* KRS 532.120(9) ("An inmate may challenge a failure of the Department of Corrections to award a sentencing credit under this section or the amount of credit awarded by motion made in the sentencing court no later than thirty (30) days after the inmate has exhausted his or her administrative remedies."). *But the defendant must first pursue his administrative remedies with Corrections before this matter may be addressed by a court. Id.*

(Emphasis added.) *See also Woods v. Commonwealth*, 599 S.W.3d 894, 897 (Ky.

App. 2020) (citing KRS 532.120(9)) ("The trial court's seeming belief that an

inmate can never challenge the Department of Corrections' credit calculations is

thus erroneous.").

Ultimately, this appeal does not concern the award of presentencing

custody credit under KRS 532.120(3) because the credits at issue are alleged to

have accrued during post-sentencing incarceration, and consequently this statute is

inapplicable to the underlying facts. Accordingly, we look to KRS 454.415, which states:

> No action shall be brought by or on behalf of an inmate, with respect to: (a) An inmate disciplinary proceeding; (b) Challenges to a sentence calculation; (c) Challenges to custody credit; or (d) A conditions-of-confinement issue; until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

A plain reading of the statute clearly provides that judicial challenges are available concerning sentencing calculation and custody credit disputes with DOC provided administrative remedies are first exhausted. *See Lee v. Kentucky Department of Corrections*, 610 S.W.3d 254, 262 (Ky. 2020) (citation omitted) ("Under the plain meaning rule, when the language of a statute is clear and unambiguous, we need not look beyond it for further indications of legislative intent."). Indeed, since the holding in *Bowling* there have been appellate decisions rendered on the merits concerning disputes over sentencing credits and parole eligibility. *See Kentucky Department of Corrections v. Dixon*, 572 S.W.3d 46 (Ky. 2019) (holding that inmate's consecutive sentences for both violent and non-violent offenses were aggregated and could not be separated into discrete parts for purposes of receiving work-credit); *Goben v. Keeney*, 626 S.W.3d 692, 694 (Ky. App. 2021) (determining that an inmate was eligible for parole after serving ten years of a first-degree persistent felony offender enhanced life sentence).

Nonetheless, while we differ from the rationale offered by the circuit court, we nevertheless affirm its decision on separate grounds. *See Kentucky Farm Bureau Mutual Insurance Company v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991) (citation omitted) ("[A]n appellate court, may affirm the trial court for any reason sustainable by the record.").

While there is a lack of both statutory authority and controlling case law specifically addressing the unique factual scenario and legal implications presented in this appeal, a review of the Kentucky Revised Statutes is dispositive as it concerns any credit which would lower Bailey's parole eligibility date. Bailey admits he was paroled, albeit inadvertently. If we accept that his erroneous time on parole was not spent "in custody," an award of custody credit by the DOC would have violated sentencing statutes. It is not in dispute that Bailey is classified as a violent offender and, per KRS 511.020(2), first-degree burglary is a Class B felony. KRS 439.3401(3)(a) states a violent offender convicted of a "Class B felony shall not be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed." It is plainly stated within KRS 439.3401(4) that, "[i]n no event shall a violent offender be given credit on his or her sentence if the credit reduces the term of imprisonment to less than [85%] of the sentence." Thus, service of Bailey's sentence cannot be reduced below eighty-five percent even when factoring in any credits he may have otherwise been

entitled. As a result of the statute's strict requirement, DOC was not afforded any discretion to apply credits for purposes of lowering Bailey's parole eligibility below the eighty-five percent threshold, and it was correct in denying his request.

Bailey's arguments to the contrary are without merit. Despite having failed to assert it before the circuit court in his original petition, Bailey argues constitutional grounds for support. These arguments are unpreserved for our review. Additionally, he articulates no specific or detailed arguments in his brief aside from a conclusory statement of unconstitutionality located within one subheading of his argument section. "[A] terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief." *Schell v. Young*, 640 S.W.3d 24, 32 (Ky. App. 2021). Furthermore, "Kentucky courts have repeatedly held that there is no constitutional right to parole, but rather parole is a matter of legislative grace or executive clemency. Parole is simply a privilege and the denial of such has no constitutional implications." *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999) (citations omitted).

Bailey argues that his time at CTS-Russell constitutes "custody" as defined under KRS 520.010(2), thus evidencing entitlement to credit, but that statute is inapplicable in this context. KRS 520.010(2) defines "custody" as it applies under KRS Chapter 520 of the Kentucky Penal Code which contains

statutes criminalizing escape and other offenses relating to custody. It is not applicable for purposes of calculating custody credits or parole eligibility. Even if the statute did apply, it explicitly states that "[c]ustody . . . does not include supervision of probation *or parole* or constraint incidental to release on bail[.]" KRS 520.010(2) (emphasis added).

Bailey also cites KRS 532.120(6) to contend that his time at CTS-Russell constitutes time in a substance abuse treatment program which should apply toward earlier parole eligibility. Again, reliance on the subsection of this statute is misplaced because it only applies to presentencing custody credits discussed in KRS 532.120(3)-(4) which, for reasons already discussed, are not at issue in this appeal. The remaining authority cited by Bailey, KRS 439.344, would not be applicable in this instance because subsection six (6) of this statute explicitly disqualifies eligibility for any credit due to his violent offender status.

In conclusion, as it concerns a credit for any time toward his release date, the above discussed authorities cited by Bailey would lend no support for the relief requested for the reasons already stated. Considering the clear requirements of KRS 439.3401(4) and with Bailey having failed to plead an applicable legal basis to advance support for his request for relief, the circuit court's dismissal of the petition was not in error.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Franklin Circuit Court's order dismissing Bailey's petition.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jason Bailey, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Robert Chaney
Frankfort, Kentucky