RENDERED: MARCH 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0780-MR

ROBERT FENWICK         APPELLANT

v.    APPEAL FROM BOYLE CIRCUIT COURT
HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 21-CI-00024

KENTUCKY DEPARTMENT OF
CORRECTIONS AND NICOLE A.
RILEY           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, ECKERLE, AND GOODWINE, JUDGES.

EASTON, JUDGE: Appellant Robert Fenwick ("Fenwick"), *pro se*, appeals from

an order of the Boyle Circuit Court entered on April 27, 2021, denying his petition

for declaratory judgment. Having reviewed the record and all applicable legal

authority, we affirm.

# BACKGROUND

Fenwick is a state inmate in the custody of the Kentucky Department of Corrections ("the DOC"). On July 3, 2020, while housed as a minimum-security inmate at the Northpoint Training Center, Fenwick was exercising fishing privileges conditionally afforded to eligible inmates at nearby Herrington Lake. At some point after Fenwick arrived at the lake, a correctional officer, Officer Thomas Dickson ("Officer Dickson"), approached in his vehicle and observed Fenwick inside the water swimming back to shore. Fenwick emerged from the lake just as Officer Dickson parked his vehicle and approached him on foot. The facts of what exactly occurred before this moment are in dispute.

Fenwick maintains he explained to Officer Dickson that the fishing line on his pole became entangled, and he fell in the water upon losing his balance attempting to free it. Officer Dickson's disciplinary write-up indicates Fenwick stated he "swam out to untangle his line." The disciplinary write-up also asserts Fenwick was observed approximately twenty (20) feet from the shore, which Fenwick further disputes. It is not in dispute that Fenwick's fishing pole was observed to have been broken. Fenwick was ultimately placed in handcuffs, transported to the control center, and cited with an escape violation.

A "Disciplinary Report Form Part I – Write-Up and Investigation" was completed containing the allegations of Officer Dickson and the conclusions

of an investigative report bearing Officer Nicole Riley's ("Officer Riley") signature. The "Disciplinary Report Form Part I – Write-Up and Investigation" shows Fenwick requested an inmate, Jeffrey Melton ("Melton"), as a witness on July 7, 2020. But a form entitled "Inmate Request for Witnesses and Documents" signed by Fenwick and dated and submitted on July 13, 2020, in preparation for the disciplinary hearing, never mentions Melton and contained three requests: 1) camera footage on the date when and of the location where Fenwick was fishing; 2) pictures and measurements corroborating any claim Fenwick was twenty (20) feet out in the lake; and 3) a statement from the deputy warden of security as to whether "OSD[1] inmates" were allowed to fish "within the lake on prison grounds."

On July 23, 2020, a disciplinary hearing was conducted by an adjustment officer, Lt. Stephen Boles ("Lt. Boles"). Fenwick was found guilty of an escape violation. Fenwick was given a penalty of one hundred eighty (180) days good time loss and thirty (30) days of segregation suspended for one hundred eighty (180) days. An appeal to the warden was submitted on July 27, 2020, and subsequently denied. Fenwick filed a *pro se* petition for declaratory judgment pursuant to KRS[2] 418.040 in Franklin Circuit Court asserting the disciplinary

---

[1] Outside detail.

[2] Kentucky Revised Statute.

proceedings did not afford him sufficient due process. Venue was transferred to the Boyle Circuit Court which denied his petition. This appeal followed.

## STANDARD OF REVIEW

"[P]rison disciplinary proceedings are not criminal prosecutions; and punishment is imposed as warranted by the severity of the offense in order to correct and control inmate behavior within the prison." *Ramirez v. Nietzel*, 424 S.W.3d 911, 916 (Ky. 2014). A reviewing court does not seek to substitute its own judgment in place of that of the prison administration, but rather, "with due deference, to ensure . . . [the] judgment comports with the legal restrictions applicable to it." *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997). When the loss of a prisoner's good behavior credit is at stake, the Due Process Clause of the United States Constitution applies. *Id.* at 357 (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).

In a prison setting, "only the minimum requirements of procedural due process appropriate for the circumstances" are required, which includes: a hearing; notice of the alleged violation; **an opportunity to call witnesses** and present documentary evidence; and a written statement by the factfinder describing the evidence and reasons relied on for the disciplinary action. *Ramirez*, 424 S.W.3d at 916 (emphasis added) (internal quotation marks omitted) (quoting and citing *Wolff*, 418 U.S. at 557-66, 94 S. Ct. at 2975). "[I]f 'the findings of the

prison disciplinary board are supported by *some evidence* in the record[,]' due process is satisfied." *Id.* (emphasis added) (quoting *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773, 86 L. Ed. 2d 356 (1985)).

## ANALYSIS

Fenwick asserts multiple arguments in this appeal which have not been properly preserved for review due to his failure to properly exhaust his administrative remedies as required by KRS 454.415. KRS 454.415(4) mandates the dismissal of a civil action challenging an inmate disciplinary proceeding if administrative remedies are not exhausted. KRS 454.415(1) and (4).

While not argued before the circuit court, failure to exhaust administrative remedies implicates an issue of subject matter jurisdiction which can be raised for the first time on appeal. *See Jefferson County Board of Education v. Edwards*, 434 S.W.3d 472, 476 (Ky. 2014) (emphasis in original) (internal quotation marks and citation omitted) ("[E]xhaustion of administrative remedies is a *jurisdictional prerequisite* to seeking judicial relief."); *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 270 (Ky. App. 2005) (citation omitted) (emphasis added) ("It is well-established that the issue of subject matter jurisdiction can be raised at any time, even *sua sponte, as it cannot be acquired by waiver, consent, or estoppel*."). Despite the circuit court's denial of the petition on

the merits, "[a]s an appellate court, we are authorized to affirm the lower court's decision for any reason supported by the record." *Greene v. White*, 584 S.W.3d 299, 304 (Ky. App. 2019) (citation omitted).

KRS 454.415(1)(a) requires inmates to exhaust all administrative remedies in accordance with the DOC policies and procedures before filing a civil action involving a disciplinary proceeding. CPP[3] 15.6(II)(F)(3) requires inmates "to detail the reasons for the appeal" within fifteen (15) days of the adjustment officer's decision. *See Lee v. Haney*, 517 S.W.3d 500, 504 (Ky. App. 2017) ("We derive from this that the DOC's interpretation of CPP 15.6(II)(F)(3) is that an inmate 'submit' his appeal within fifteen days.").

First, we note there is a difference between "listing" a witness and calling a witness at a hearing. There is no indication Fenwick asked to call Melton as a witness during the hearing. Fenwick argues that Lt. Boles misled him "into believing he had spoke [sic] to I/M[4] Melton and that I/M Melton would not help him." Because of this, Fenwick claims Lt. Boles conducted the hearing and refused to allow the witness to testify.[5]

---

[3] Kentucky Corrections Policies and Procedures.

[4] Inmate.

[5] Fenwick also presents an unpreserved argument that Lt. Boles failed to record sufficient findings for the denial. While the record demonstrates the written findings after the disciplinary hearing contain no mention indicating why witness Melton did not testify, a signed affidavit from Lt. Boles containing an explanation was filed with the circuit court during the underlying

-6-

Lt. Boles' decision was rendered on July 23, 2020. With fifteen allowed days, Fenwick had until August 7, 2020, to submit his appeal to the warden. The record demonstrates Fenwick filed a form entitled "Appeal of the Adjustment Officer's Decision" to the warden on July 27, 2020 ("July 27 appeal"). The July 27 appeal contains no mention of the denial to call Melton as a witness. Indeed, it does not mention Melton at all. The July 27 appeal only disputes the sufficiency of the evidence for the escape violation.

Instead, the Melton-as-witness issue was first mentioned in a letter to the warden on August 10, 2020 ("August 10 appeal") – three (3) days after the August 7 deadline. Attached was an affidavit from Melton, notarized on August 3, 2020, which states "[he] was never spoken to at all by any officer, at any time concerning this matter." Melton's affidavit contains nothing demonstrating what the substance of his testimony would have been concerning Fenwick's escape charge. As far as Melton's affidavit goes, it does not actually help Fenwick on the merits of his claim. Fenwick states in his brief and in his August 10 appeal that, due to prisoner segregation imposed by the facility, he did not have an opportunity to speak to Melton during his appeal with the warden. However, there is no

___

proceedings. *See Ramirez*, 424 S.W.3d at 918 (citing *Ponte v. Real*, 471 U.S. 491, 493, 105 S. Ct. 2192, 2194, 85 L. Ed. 2d 553 (1985)) (emphasis added) ("Prison officials may choose between explaining the decision at the time of the disciplinary hearing or *at a later proceeding challenging the decision*."). Due to the unpreserved nature of the claim, we conduct no further review of the proffered reasoning.

indication anywhere in the record or any explanation in Fenwick's brief demonstrating why Fenwick did not detail this reason for his appeal to the warden during the four (4) days between the affidavit's August 3 date and the August 7 deadline.

CPP 15.6(II)(F)(3) is silent regarding the proper disposition of separate claims raised outside the fifteen (15) day requirement when a prior claim has been timely filed, and there is no binding case law directly on point addressing this issue. We note from our citation to *Lee*, *supra*, all details or reasons for the appeal must be submitted within the fifteen days. This does not indicate a process of filing a notice of appeal with additional time to amend or supplement the record.

We find further support in *Cohron v. Department of Corrections*, No. 2018-CA-000518-MR, 2018 WL 5778767, at *2 (Ky. App. Nov. 2, 2018), which we will discuss as persuasive authority pursuant to RAP[6] 41(A). In *Cohron*, an inmate requested the warden of the Luther Luckett Correctional Complex to extend the fifteen (15) day deadline to file his appeal of a disciplinary decision. The warden denied the request for an extension and the appeal on its merits. The inmate wrote a second letter to the warden again requesting an extension which was further denied by the warden who reasoned he did not have authority to grant extensions. The inmate filed a declarative rights petition which was dismissed by

---

[6] Kentucky Rule of Appellate Procedure.

the Fayette Circuit Court for failure to exhaust administrative remedies. On appeal, this Court upheld the dismissal stating the "CPP specifically limits the time in which to file [an] appeal" and failure to "comply with this express requirement" in "the applicable time was fatal . . . under the plain language of the CPP and KRS 454.415(1)(a)." *Cohron*, 2018 WL 5778767, at *2.

"The failure to raise an issue before an administrative body precludes a litigant from asserting that issue in an action for judicial review of the agency's action." *See O'Dea v. Clark*, 883 S.W.2d 888, 892 (Ky. App. 1994); *see also Houston v. Fletcher*, 193 S.W.3d 276, 278 (Ky. App. 2006) (emphasis added) (affirming the dismissal of claims for failure to provide "documentation setting forth the grounds" of administrative appeals on the reasoning it could not be determined if the arguments in a declarative rights petition "were *identical to those raised before the Warden*").

It is true *pro se* pleadings are afforded greater leniency than those filed by an attorney. *See Russell v. Commonwealth*, 495 S.W.3d 680, 683 (Ky. 2016) (citation omitted). "However, *pro se* litigants are still required to preserve error." *Givens v. Commonwealth*, 359 S.W.3d 454, 463 (Ky. App. 2011). As a result, that leniency cannot be stretched to the degree necessary to grant a reviewing court jurisdiction to decide unpreserved claims. Consequently, the issue of whether Fenwick was denied the right to call Melton as a witness is not properly

before this Court, and we do not have jurisdiction to address it and Fenwick's related arguments on the merits.

The only issue properly preserved for review is Fenwick's claim there was insufficient evidence supporting the adjustment officer's conclusion Fenwick escaped or was attempting to escape. We find no error.

"[P]rison officials are afforded broad *discretion*." *Yates v. Fletcher*, 120 S.W.3d 728, 731 (Ky. App. 2003). When determining if the "some evidence" standard is met, a reviewing court is not required to examine the entire record, independently assess witness credibility, or weigh the evidence. *Ramirez*, 424 S.W.3d at 916-17. It must only be determined "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board," and "[e]ven meager evidence will suffice." *Id.* at 917 (internal quotation marks and citation omitted).

Lt. Boles' written findings cite Officer Dickson's observation of "Fenwick in the water and the fact that it fits the description of [KRS] 520.015." KRS 520.015(1)(f)-(g) states:

> A person is guilty of attempting to escape from the penitentiary when he:
>
> . . .
>
> > (f) Does any other act in furtherance of an escape from the penitentiary; or

-10-

(g) Does any act or omission constituting criminal attempt under KRS 506.010.

Officer Dickson and Officer Riley wrote in the "Disciplinary Report Form Part I – Write-Up and Investigation" that Fenwick was observed twenty (20) feet from shore. This observation is sufficient to satisfy "some evidence" Fenwick was acting "in furtherance of an escape from the penitentiary." While the evidence may qualify as meager, the record "is not so devoid of evidence that the findings . . . were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457, 105 S. Ct. at 2775. It is not required that the available evidence "logically precludes any conclusion but the one reached by" Lt. Boles, (*Ramirez*, 424 S.W.3d at 917), and it is not the job of a reviewing court "to form its own judgment" in place of Lt. Boles' findings. *Smith*, 939 S.W.2d at 355.

When comparing the underlying circumstances of this case with those in the controlling case law cited herein, there was as much, if not more, evidence supporting Lt. Boles' finding. *See Hill*, 472 U.S. at 457, 105 S. Ct. at 2775 (stating a guard's observation of three inmates fleeing the area of an assaulted victim supported an inference they committed the offense); *Yates*, 120 S.W.3d at 731 (holding "some evidence" supported adjustment committee's finding inmate was in possession of stolen items found in his laundry bag, which was stored in a common area, despite a "reasonable" defense they were planted); *Smith*, 939 S.W.2d at 357 (deciding, despite a lack of any direct evidence, a reasonable inference could be

made an inmate previously communicated to visiting family his willingness to accept smuggled drugs).

In addition, Fenwick argues there is nothing in the record establishing the prison's policies provided sufficient notice that the area in or around the lake from where he was observed emerging was unauthorized or off limits. However, the record demonstrates this is not what Fenwick argued to Lt. Boles at his disciplinary hearing or in his July 27 appeal. Lt. Boles' findings state Fenwick argued there were no allegations "in the report" demonstrating "he tried to escape" or "conceal himself [within] the walls of the institution." The July 27 appeal asserts "when [Officer] Dickson made it to where [Fenwick] was at, it wasn't in an unauthorized area." Together, this suggests Fenwick was not disputing *lack of notice* of an unauthorized area, but rather, whether Fenwick *was present* in an unauthorized area. In contrast, Officer Riley documents in the investigative report Fenwick "left the allowed area near OSD [sic] was found off institutional ground." Although arguing it did not justify an escape finding, Fenwick explicitly conceded in the July 27 appeal he "should have never gotten into the water" and described it as "wrong."

Lastly, Fenwick argues he requested and was denied documentation in the form of video, photographs, and written policies to either prove he was not in an unauthorized area or that there was no notice the area in which he was observed

-12-

was unauthorized. Notwithstanding this claim was not raised in his July 27 appeal to the warden, an affidavit signed by Lt. Boles and filed with the circuit court indicates the requested video and photographs did not exist. Furthermore, a careful review of Fenwick's three requests in the "Inmate Request for Witnesses and Documents" demonstrates he requested a "statement from the deputy warden of security, as to whether or not OSD inmates are allowed to [p]articipate in [f]ishing activities within the lake on [p]rison [g]rounds." Fenwick's request does not mention documentation related to authorized parameters or boundaries around the fishing area, and Lt. Boles' affidavit states "no such statement existed[,] and there was no dispute that such inmates are permitted fishing privileges under certain conditions."

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the Boyle Circuit Court denying the petition for declaratory judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robert Fenwick, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEES:

John Hamlet
Frankfort, Kentucky