RENDERED: MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0623-MR

JOHNNY REVLETT                                                     APPELLANT

v.
APPEAL FROM LYON CIRCUIT COURT
HONORABLE JAMES R. REDD, III, JUDGE
ACTION NO. 22-CI-00006

SCOTT JORDAN, WARDEN                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Johnny Revlett, *pro se*, appeals from the April 14, 2022,

Order of Dismissal entered by the Lyon Circuit Court dismissing his petition for

declaratory relief. We affirm.[1]

---

[1] We note there are numerous deficiencies in Johnny Revlett's brief including the failure to include a preservation statement of the issues raised on appeal, in violation of Kentucky Rules of Appellate Procedure (RAP) 32(A). Due to the record's relatively concise nature and the readily evident issues on appeal, we exercise our discretion to ignore the deficiencies and review on the merits. *See* RAP 31(H).

BACKGROUND

Revlett is an inmate at the Kentucky State Penitentiary (KSP) in Eddyville, Kentucky. On July 2, 2021, he received a disciplinary write-up for a physical altercation with another inmate. The write-up stated that the "investigation determined, through witness interviews deemed reliable by substantiated physical evidence, that [another inmate] and [Revlett] were in a physical altercation on June 26th in the boiler room." Write Up and Disciplinary form at 1. On July 26, 2021, an investigative report was submitted which concluded there was evidence to support a charge against Revlett for "[p]hysical action resulting in injury to another inmate." Write Up and Disciplinary form at 3. A disciplinary hearing was held on August 10, 2021, after which Revlett was found guilty and sanctioned to fifteen days of disciplinary segregation. Revlett filed an appeal with Warden Scott Jordan, who upheld the finding on August 17, 2021.

On February 7, 2022, Revlett filed a petition for a declaration of rights with the Lyon Circuit Court asserting his due process rights were violated. The primary argument asserted by Revlett in his petition and brief filed in this appeal is that the evidence presented at the disciplinary hearing was not sufficient to establish he was involved in a physical altercation with another inmate. This, coupled with his sentence of fifteen days in disciplinary segregation, deprived him of a protected liberty interest. The circuit court dismissed the petition pursuant to

-2-

Kentucky Rules of Civil Procedure (CR) 12.02(f) on the basis Revlett failed to "demonstrate that his segregation assignment constitutes a liberty interest to which constitutional due process protections apply." Order of Dismissal at 3. This appeal followed.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is governed by CR 12.02(f) and presents a question of law subject to *de novo* review. *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018). The pleadings must be liberally construed in a light most favorable to the nonmoving party, and the allegations contained in the complaint are taken as true. *Id.* at 870-71. And, the circuit court should deny the motion to dismiss "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002) (citation omitted).

However, our standard of review requires us to recognize that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Webb v. Sharp*, 223 S.W.3d 113, 117 (Ky. 2007) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). And, "[p]rison disciplinary proceedings are not criminal prosecutions; and punishment is imposed as warranted by the severity of the offense in order to correct and control inmate behavior within the prison."

*Conover v. Lawless*, 540 S.W.3d 766, 768 (Ky. 2017) (quoting *Ramirez v. Nietzel*, 424 S.W.3d 911, 916 (Ky. 2014)).  Accordingly, the standard of review in prison disciplinary proceedings is highly deferential to prison administrators.  *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky. App. 1997).

## ANALYSIS

Kentucky courts have adopted the "some evidence" standard in the course of reviewing prison disciplinary proceedings.  *Houston v. Fletcher*, 193 S.W.3d 276, 278 (Ky. App. 2006).  This form of review was set out by the United States Supreme Court in *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445 (1985); *Smith*, 939 S.W.2d at 358.  In *Houston*, we highlighted the U.S. Supreme Court's directive:

> [T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ."  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Houston*, 193 S.W.3d at 278 (quoting *Walpole*, 472 U.S. at 455-56).

We have thoroughly reviewed the record on appeal including the prison Write Up and Investigation form and the Hearing/Appeal report.  Clearly

-4-

there was "some evidence" presented sufficient to establish that Revlett was involved in a physical altercation with another inmate resulting in injury to said inmate in violation of applicable Kentucky Correction Policies and Procedures. Any arguments raised by Revlett regarding the sufficiency of evidence presented during the disciplinary hearing are without merit.

As concerns his due process arguments, Revlett has failed to demonstrate that he was deprived of a protected liberty interest. "In order to prevail on a Fourteenth Amendment procedural due process claim, a party must establish (1) that he enjoyed a protected 'liberty' or 'property' interest within the meaning of the Due Process Clause, and (2) that he was denied the process due him under the circumstances." *Marksberry v. Chandler*, 126 S.W.3d 747, 749 (Ky. App. 2003) (citation omitted). "A protected liberty interest may arise from two sources–the Due Process Clause itself and state law or regulations." *Id.* "In addition to the existence of language guiding or restricting the discretion of prison officials, an inmate must now establish that the condition imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 750 (internal quotation marks and footnote citation omitted). "[D]isciplinary segregation typically does not implicate a liberty interest protected by the Due Process Clause itself because it is the sort of confinement an inmate can reasonably anticipate receiving." *Id.* at 749-50. Factors related to the duration or

-5-

degree of restriction are relevant in determinations regarding whether restrictions imposed are "atypical and significant." *Id.* at 750 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). While these determinations involve factual issues, "the ultimate issue of atypically is a legal issue subject to *de novo* review." *Id.* (footnote citation omitted).

Revlett argues his punishment was atypical since his classification level was increased, and consequently, he was subjected to more restrictive confinement along with the curtailment of various privileges compared to what he enjoyed at his previous classification level, resulting in a significant hardship. This argument is also without merit. It has been expressly held that "inmates do not have a constitutional right to a particular security classification or to be housed in a particular institution." *Marksberry*, 126 S.W.3d at 751 (footnote citation omitted). And, "[s]imply because disciplinary segregation involves different physical conditions and limited privileges does not mean that a prisoner maintains a liberty interest in freedom from that form of segregation." *McMillen v. Kentucky Dep't of Corr.*, 233 S.W.3d 203, 205 (Ky. App. 2007) (citation omitted). Furthermore, there is absolutely no evidence to establish that a duration of fifteen days in disciplinary segregation constitutes a significant hardship. We also note that Revlett failed to plead any other facts demonstrating the conditions of his segregation "were more onerous, harsh or restrictive than those applicable to

-6-

inmates normally assigned to disciplinary segregation." *Marksberry*, 126 S.W.3d at 751.

For the foregoing reasons, we affirm the Order of Dismissal of the Lyon Circuit Court, dismissing Revlett's Petition for Declaration of Rights.

ALL CONCUR.

BRIEF FOR APPELLANT:

Johnny Revlett, *Pro Se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Robert Chaney
Frankfort, Kentucky